IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**BRIAN C. PIERCE**

      **Plaintiff,**

      v.                           **CIVIL ACTION NO. 2:04cv602**

**NICO PYROTECHNIK, HANNS-JUERGEN
DIEDERICHS GmbH & CO. KG,**

      **Defendants**

### *MEMORANDUM OPINION & ORDER*

Before the Court is the Motion of Defendant NICO Pyrotechnick ("NICO") to Dismiss. Specifically, Defendant asks the Court to dismiss Count Four of the Amended Complaint of Brian C. Pierce ("Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, and award costs, expenses, attorneys' fees, and other relief as the Court sees fit . The Court has considered the memoranda of the parties and the motion is ripe for decision. For the reasons set forth below, Defendant's Motion to Dismiss is **GRANTED**. Defendant's request for costs, expenses, and attorneys' fees is **DENIED**.

### I. FACTS AND PROCEDURAL HISTORY

For the purposes of this motion only, the Court assumes the following facts are true. Defendant is a foreign corporation with its principal place of business in Germany. Defendant is in the business of manufacturing, designing, and selling explosives and explosive devices, including the NICO 1 "flash bang" diversionary grenade. Some time prior to October 8, 2002,

Defendant sold a large number of these grenades and other devices to the United States. Defendant provided a number of grenades to the United States for testing and examination. The test grenades had steel delay columns.[1] When Defendant shipped the grenades, the steel delay columns had been replaced by a design utilizing brass, and different chemicals were used in the delay composition element. This design was unreasonably dangerous and defective. The United States was not informed of this difference between the tested and shipped grenades.

Plaintiff was a United States Navy Seal, involved in training and evaluation. Plaintiff was using one of the NICO 1 grenades on October 8, 2002. Despite proper use by the Plaintiff, the grenade detonated in his hands. This explosion caused serious and permanent injury, including the loss of most of his fingers on both hands.

The United States discovered the change to the grenades after the accident involving Plaintiff, and a previous accident involving another Navy Seal, which occurred on February 26, 2002. Defendant did not voluntarily inform the United States about the change, even after the two accidents. The United States considered the grenades to be non-conforming goods under the contract with NICO, and most of the NICO 1 grenades were destroyed.

Defendant intended that the United States rely upon Defendant's representations as to the nature of the grenades, and was fully aware of the testing the products underwent prior to Defendant being awarded the contract to provide the grenades. The United States did so rely on Defendant's representations.

---

[1] The delay column delays detonation so that the user may safely throw the grenade. Once activated, a primer ignites elements in the delay column, which is supposed to provide a 1 to 1.5 second delay as the chemical burn in the delay column.

On October 6, 2004, Plaintiff filed this current action against Defendant. Plaintiff filed an Amended Complaint two days later. On February 22, 2005, Defendant filed its Answer and a Motion to Dismiss Count Four of Plaintiff's Amended Complaint and Memorandum in Support. On March 25, 2005, Plaintiff responded to the Motion to Dismiss. Defendant filed its Rebuttal Brief on March 28, 2005. This matter is now ripe for determination by the Court.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of actions that fail to state a claim upon which relief can be granted. Although courts may only rely upon the complaint's allegations and those documents attached as exhibits or incorporated by reference, *Simons v. Montgomery County Police Officers*, 762 F.2d 30, 31 (4th Cir. 1985), courts will favorably construe the allegations of the complainant. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Courts must assume that the facts alleged in the plaintiff's complaint are true. *McNair v. Lend Lease Trucks, Inc.*, 95 F.3d 325, 327 (4th Cir. 1996). A court will only grant a motion to dismiss if "it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim." *Adams v. Bain*, 697 F.2d 1213, 1216 (4th Cir. 1982) (quoting *Johnson v. Mueller*, 415 F.2d 354, 355 (4th Cir.1969)). A plaintiff's misconception or mislabeling of the proper legal theory of the claim is not grounds for dismissal; a court must look to any legal theory supported by the facts alleged, so long as the plaintiff's complaint gives fair notice of the claim and the grounds upon which it rests. *Williams v. New Castle County*, 970 F.2d 1260, 1265-66 (3d Cir. 1992); *Thomas W. Garland, Inc. v. City of St. Louis*, 596 F.2d 784, 787 (8th Cir. 1979); *Sessions v. Chrysler Corp.*, 517 F.2d 759, 760-61 (9th

Cir. 1975); *Dostchay v. Nat'l Mut. Ins. Co.*, 246 F.2d 221, 223 (5th Cir. 1957); *Simmons v. Cmty. Serv. Providers, Inc.*, 847 F.Supp. 351, 352-53 (E.D. Pa. 1994).

### III.  DISCUSSION

In Count Four of the Complaint, Plaintiff charges Defendant with actual fraud and constructive fraud upon the United States and its agents – in this case, Plaintiff.

Before addressing whether Plaintiff alleges facts sufficient to support claims of actual or constructive fraud, the Court must determine whether Plaintiff may even bring this tort claim in the face of what is essentially a cause of action based on breach of contract.  Defendant must have tortiously or negligently breached a common law duty, not a duty imposed by the contract between Defendant and the Government.  *Holles v. Sunrise Terrace, Inc.*, 257 Va. 131, 136 (Va. 1999); *Richmond Metro. Auth. v. McDevitt St. Bovis, Inc.*, 256 Va. 553, 558 (Va. 1998); *Foreign Mission Bd. of S. Baptist Convention v. Wade*, 242 Va. 234, 241 (Va. 1991)(citing *Spence v. Norfolk & W. R.R. Co.*, 92 Va. 102, 116 (Va. 1895)).

An action for fraud is not changed from a tort action to a contract action simply because the parties had a contractual relationship.  *House v. Kirby*, 233 Va. 197, 200-01 (Va. 1987).  In *House*, the plaintiffs sued their insurance agent for fraudulent misrepresentations that the agent made to the insurance company regarding the ownership of the car, which resulted in the car being improperly insured.  *Id*. at 198-99.  Plaintiffs attempted to circumvent the one-year statute of limitations on fraud claims by arguing that the limitations period for oral contracts applied instead, because the misrepresentation occurred within the context of their contractual relationship.  *Id*. at 200.  The Virginia Supreme Court upheld the lower court's ruling that the

limitations period for fraud was applicable because "the duty to refrain from fraudulent acts is imposed by tort law, not by any contract between the parties." *Id*.

The *House* Court distinguished the nature of the tort in the case from the torts in two other cases relied upon by the plaintiffs, *Oleyar v. Kerr*, 217 Va. 88 (Va. 1976) and *Virginia Military Inst. v. King*, 217 Va. 751 (Va. 1977). In *Oleyar*, an attorney made a negligent misrepresentation to the trustee of decedents that the title to decedents' land was free of encumbrance. *Oleyar*, 217 Va. at 88-89. In *King*, an architecture firm made negligent misrepresentations regarding their supervision of the project and failed to disclose obvious defects. *King*, 217 Va. at 760-62. Both courts ruled these were misrepresentations which sounded in tort, but were actually actions for breach of contract. *King*, 217 Va. at 758-59; *Oleyar*, 217 Va. at 90. The *Oleyar* Court made clear the distinction between an action in tort and an action in contract.

> The distinction is this: If the cause of the complaint be for an act of omission or non-feasance which, without proof of a contract to do what was left undone, would not give rise to any cause of action (because no duty apart from contract to do what is complained of exists) then the action is founded upon contract, and not upon tort. If, on the other hand, the relation to the plaintiff and the defendants be such that a duty arises from that relationship, irrespective of contract, to take due care, and the defendants are negligent, then the action is one for tort.

*Oleyar*, 217 Va. at 90 (quoting Burks Pleading and Practice § 234 at 406 (4th ed. 1952)). So although it is true that an action for fraud is not changed from a tort action to a contract action simply because the parties had a contractual relationship, the inverse is also true; an action for breach of contract is not changed to an action in tort simply because it sounds in tort.

The problem for Plaintiff in this case is that his action for fraud arises only out of the contractual specifications agreed to by the Government and the Defendant.[2] In support of his other causes of action for strict liability, failure to warn, and breach of warranty, Plaintiff alleges that Defendant provided grenades that were "unreasonably dangerous and defective as manufactured, designed, and sold," which might be a breach of some duty at Virginia common law. *See Gonella v. Lumbermens Mut. Cas. Co.*, 64 Va. Cir. 229, 235 (Va. Cir. Ct. 2004)(holding that when a claim in tort may be brought for personal injury when a contracting party creates an unreasonably dangerous condition). However, the basis for the fraud action rests solely on the allegation that Defendant unilaterally changed the material components of the grenades, causing grenades to be shipped that were different than those that the Government had approved after testing. (Pl. Amd. Compl. ¶¶ 21-33; Pl. Mem. Opp. Mot. Dismiss at 1-2, 4-9). Plaintiff does not allege that Defendant ever made fraudulent claims about the safety of the device. Defendant might have implied such a guarantee, but that is the province of Plaintiff's claims for breach of warranty or product liability. Plaintiff has alleged no fraudulent statement or misrepresentation other than the Defendant's allegedly fraudulent substitution of goods on the contract. In other words, absent the existence of the contract, no misrepresentation would exist, and thus this action must be for breach of contract. Therefore, Plaintiff has no claim at law for fraud. Accordingly, Defendant's Motion to Dismiss Count Four is **GRANTED**. Plaintiff's claim for actual and constructive fraud is **DISMISSED**.

---

[2] The Court merely assumes Plaintiff might have some rights under the contract for the purposes of this discussion. The Court declines to address this question given the disposition of this motion.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED**. Plaintiff's claim under Count Four for actual or constructive fraud is **DISMISSED**. Defendant's request for costs, expenses, and attorney's fees is **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the parties.

**IT IS SO ORDERED.**

_____/s/_____
RAYMOND A. JACKSON
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
June 17, 2005